MERCHANTS' & PLANTERS' OIL CO. v. KENTUCKY REFINING CO.

(Circuit Court of Appeals, Fifth Circuit. May 21, 1895.)

No. 349.

TRIAL—PROVINCE OF COURT AND JURY—ACTUAL AND EXEMPLARY DAMAGES.

In an action to recover possession of certain railroad cars, and damages for the detention thereof, where both actual and exemplary damages were prayed for, but, under the proofs, no case was made for exemplary damages, *held*, that it was the duty of the judge, when so requested, to withdraw the matter of exemplary damages from the jury, and that his refusal to do so was reversible error, although the verdict was in terms for actual damages it appearing that there was not sufficient evidence, exclusive of that admitted upon the question of exemplary damages, to sustain the amount of the judgment.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This suit was brought in the court below by the Kentucky Refining Company, a Kentucky corporation, against the Merchants' &

Planters' Oil Company, a Texas corporation, domiciled at Austin, Tex. The suit was instituted May 1, 1893, to recover eight oil-tank cars, of the alleged value of $625 each, and of the total value of $5,000, and for the rental of the cars at $40 per day each. Sequestration of the cars was prayed for, and writ executed May 4, 1893. On the 16th day of May the Kentucky Refining Company executed a forthcoming bond for the property, and the cars were released by the United States marshal to the plaintiff company May 20, 1893. To this claim the defendant in the court below set up a counterclaim and plea in reconvention, in which it was alleged in substance that about the 28th day of February, 1893, the plaintiff refining company, in the usual course of business, purchased from the defendant, the Merchants' & Planters' Oil Company, through Benjamin McLean & Co., acting as brokers, 1,000 barrels of 40 gallons each of yellow prime cotton-seed oil, to be delivered by defendant at its mills in Houston, Tex., in tank cars to be furnished by plaintiff for that purpose, at the price of 50 cents per gallon, amounting to the sum of $25,000. Defendant (plaintiff in error) alleged that it stood ready at all times to comply with its part of the contract, and to furnish the 1,000 barrels of yellow prime cotton-seed oil; and that, although plaintiff agreed in the contract of sale with defendant to promptly forward tank cars in accordance with agreement, plaintiff neglected, refused, and failed to forward said cars until the expiration of three weeks after the sale was made. Defendant further charged that plaintiff violated his contract of sale and refused to pay as he had agreed, and notified the defendant not to ship the oil; and alleged that soon after making the contract at 50 cents per gallon on the 28th day of February, 1893, the oil market declined to 40 cents a gallon; and charged that by reason of the decline in the price of oil, and for no other reason, the plaintiff refused to accept the oil tendered by the defendant, in accordance with his contract. Amended petitions were afterwards filed by plaintiff, and the claim made by plaintiff was that the defendant had withheld the possession of its oil-tank cars from March 12, 1893, to May 20, 1893, and that the rental value of each car was five dollars a day; that the freight paid upon the cars from Louisville, Ky., to Houston, Tex., and from Houston, Tex., to Louisville, Ky., was $78.75 per car, or a total of $1,460. And plaintiff alleged he had been further damaged in the sum of $500; for executing three bonds, $50; for telegraphing, $150; for watching the cars, $150; attorney's fees, $1,000; that he had been bound to pay to secure the attendance of J. J. Coffey, of Louisville, Ky., and H. M. Alexander, of Chicago, Ill., as witnesses; and he prayed judgment for $8,000 actual, and $50,000 for vindictive or exemplary, damages. The defendant demurred separately to each part and claim set out in the petition, and the demurrers were each and all overruled. Plaintiff's exception to defendant's plea in reconvention was also overruled.

R. S. Lovett, for plaintiff in error.

Samuel R. Perriman, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

BRUCE, District Judge, after stating the facts, delivered the opinion of the court.

Special charge No. 1 asked by defendant, and refused by the court, should have been given. Whether the demurrer and exception taken to the claim made should have been sustained or not, it would seem clear that after the introduction of the evidence no case was made for exemplary damages, and this claim and the evidence in support of it should have been withdrawn by the trial judge from consideration by the jury. It is said in reply to this that, the verdict of the jury being in terms for actual damages, it operated no prejudice to the defendant, but who can say that which was admitted to go to the jury on this subject did not tend to swell the verdict? The charge was at least misleading, and the theory of fraud and deceit, which seemed to be the basis upon which both actual and exemplary damages were claimed, was not sustained by the evidence. The action of the court on the motion for a new trial and the remittitur filed by plaintiff of $760 must have resulted from a consideration of the evidence in support of the claim of actual damages, and by leaving out of view the evidence introduced and allowed to go to the jury on the question of exemplary damages, there does not seem to be evidence in the record to support the verdict for $4,260 actual damages, as the jury found it, or $3,500, the amount to which it was reduced, because the claim for the rental for the time the cars were detained by the defendant was substantially all that was left of the plaintiff's claim. To this there was the plea in reconvention that the oil contracted for was not strictly prime summer yellow, but only prime summer yellow cotton-seed oil, and that the sample furnished was not up to the quality of oil contracted for, by which the defendant became liable for damages in breach of its contract. No complaint, however, is made of the charge of the court in this branch of the case. The judgment should be reversed, with costs, and it is so ordered.