ORR et al. v. BROWN et al.

(Circuit Court of Appeals, Fifth Circuit. June 9, 1896.)

No. 496.

1. ATTORNEY AND CLIENT—CONTRACT OF RETAINER.

A firm of attorneys in Columbus, Miss., who had previously represented a firm of bankers holding bonds issued by that city, wrote to the bankers, saying that the city government had decided to contest further payments on the bonds, that a member of the city government had applied to retain them in the litigation, but that they desired first to know what attitude the bondholders desired them to take. The bankers replied that they would see the bondholders as soon as they could, that they had no doubt "of their desiring to have your services," and saying, "We shall be obliged if you will kindly hold yourselves ready to represent them." Replying to this, the attorneys said, among other things, "We have notified our city authorities that we decline representing them because of your retainer." At the time of these communications the bankers owned none of the bonds, and had no other relation thereto except that they had sold them in open market without indorsement. The actual holders decided to employ other counsel, and the attorneys then brought a suit against the bankers for their fee. *Held* that, as the bankers were without authority to bind the bondholders, there was no contract, and they could not be held personally liable, as self-constituted agents of the bondholders. Orr v. Brown, 16 C. C. A. 197, 69 Fed. 216, distinguished.

2. GARNISHMENT.

Under the laws of Mississippi, a suit in garnishment against nonresident defendants cannot be maintained, unless it is based upon a valid contract between the parties.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Mississippi.

J. A. Orr, for plaintiffs in error.

E. O. Sykes and E. H. Bristow, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

SPEER, District Judge. This is a suit brought by Orr & Orr, citizens of Mississippi, by means of process of attachment, against Brown & Lowndes, citizens of Maryland. On the trial in the court below a verdict for defendants was directed, and Orr & Orr sued out a writ of error.

The suit is for a retainer alleged to be due the plaintiffs as counsel under the following circumstances: On September 6, 1892, Messrs. Orr & Orr wrote to Brown & Lowndes the following letter:

"Columbus, Miss., September 6th, 1893.

"Brown & Lowndes, P. O. Box 854, Baltimore, Md.—Gentlemen: Mr. Dashiell, a member of the city government, has just applied to us, to retain us, if terms were agreeable, to resist the final payment of the coupons and bonds of the city of Columbus, paid to the Columbus, Fayette and Decatur R. R. Co., the same on which I brought suit for you and for Messrs. Wilson, Colston & Co. some years ago. Mr. D. informs us that the mayor and aldermen had determined to pay nothing more, and would test the legality of the bonds by suit. Since your Mr. Brown was in Columbus, the writer has severed his connection with the Georgia Pacific, now the Richmond and Danville, and bears a free lance against it. His junior, Sims, is now the assistant secretary of the interior. You perceive the object of this letter. We do not know who the holders of the bonds are, and we desire to communicate with them, so far, at least, to ascertain their wishes as to the attitude they desire us to assume. Will you do us the kindness to confer with them, and notify us if they desire to retain us. With most pleasant recollections of your Mr. Brown, I am, very truly yours, J. A. Orr, for the firm of Orr & Orr."

On the 11th day of September, 1893, the defendants replied as follows:

"J. Wilcox Brown.　　　C. D. Lowndes.　　　Frank T. Redwood.

"All Members of Baltimore Stock Exchange.

"P. O. Box 65.　Telephone Call 547.

"Office of Brown & Lowndes, Bankers and Brokers, Stock Exchange Building, 208 E. German Street.

"Baltimore, Sept. 11th, 1893.

"J. A. Orr, Esq., Columbus, Miss.—Dear Sir: Yours of the 6th inst. received, and our Mr. Brown recalls with pleasure the agreeable relations between himself and your firm. It is a surprise to us to learn that the city proposes to resist the payment of the coupons upon its bonds, and we are obliged to you for giving us the information. We will see the bondholders as soon as we can, and obtain their expression of wish in the matter, but we entertain no doubt of their desiring to have your services, and we shall be obliged if you will kindly hold yourselves ready to represent them. Please be so kind as to let us know what kind of action the city proposes to take and when. The August coupons were duly paid, and none will be due until February next. This seems a curious time to bring suit, if that is what they propose. Our recollection is that you entertained very positive convictions of the legality of the issue, and we also recall the fact that, under your management, the citizens with great unanimity called on the city officials to pay the coupons. Has there been a change of sentiment?

"Yours, very truly,　　　　　　　Brown & Lowndes."

On the 14th day of the same month Messrs. Orr & Orr made the following response:

"Gentlemen: Yours of the 11th inst. received, and we thank you for continued confidence. We have notified our city authorities that we decline representing them because of your retainer. They passed a resolution declining to pay any more interest on the bonds. So they force the alternative on the bondholders to sue, and a suit must be brought on the coupons. You know of the old hostility to the bonds. That has been fanned into life by the panic, and the chances are now better in the courts than in changing public sentiment, as was done at the time referred to by you.

"Very truly,                                                                Orr & Orr."

Notwithstanding the facility with which the plaintiffs construed the letter of Brown & Lowndes to be a retainer, the holders of the bonds of the city of Columbus referred to in these letters employed other counsel, and Messrs. Orr & Orr sued out process in attachment and caused the same to be served on the city of Columbus in order to subject to their claim as attorneys any holdings belonging to the defendants as bondholders that city might have, or any moneys which might be due. The city answered the garnishment to the effect that it was not indebted in any manner to Messrs. Brown & Lowndes, but the defendants came in and answered the suit precisely as if they had been regularly served, and there was a trial formally had in the court below.

The cause had been previously removed to the circuit court of the United States for the Eastern division of the Northern district of Mississippi, to be held at Aberdeen. The trial was had, a demurrer to the declaration was interposed, and the circuit court sustained the demurrer, upon the ground, as it appears, that the plaintiffs had no cause of action, and that the letters in question did not constitute a contract of retainer. That judgment, on writ of error to this court, was reversed and set aside, and the cause redocketed for a new trial in the circuit court, and thereupon plaintiffs, by way of amendment, changed altogether the nature of their case. The original suit had been brought against Brown & Lowndes, as bondholders and representatives of other holders of bonds of the city of Columbus. It now appearing that at no time since the initiation of the correspondence between Orr & Orr and Brown & Lowndes the latter were bondholders, the plaintiff declared against them as self-constituted agents of the bondholders, and as personally liable. The entire correspondence was put in evidence on the second trial, and upon the construction of its terms the trial judge stated his views to the jury as follows:

"The testimony which has been submitted to you does not disclose a contract under which the defendants are liable for the amount sued for, nor for any other amount. The letter of the plaintiffs of the 6th of September, 1893, was simply a friendly letter, asking a favor or courtesy of the defendants as to who the holders of the bonds were, and as to their action as to the employment of plaintiffs as attorneys. The answer of defendants of the 11th of September, 1893, was a reply in the same spirit of friendship, and it is apparent in that letter that they did not intend to employ counsel or retain plaintiffs. The letter was evidently misconstrued by the plaintiffs, and if, on this testimony, you should find for the plaintiffs, the court would feel it to be its duty to set aside your verdict and grant a new trial to defendants. If plaintiffs have any right of action against these defendants, it was one in tort, sounding in damages, and if they had brought suit for damages against defendants in Baltimore, they

could probably have recovered; but, this suit being brought in the state court by attachment, plaintiffs must prove a contract in order to recover. The court is of opinion that this has not been done, and the court therefore instructs you to return a verdict for the defendants."

The jury accordingly found for the defendants, and the plaintiffs excepted.

When this case was first called before this court (69 Fed. 218, 16 C. C. A. 197) it appears that it was averred that the defendants and their principals, most of whom lived in the city of Baltimore, were the owners of bonds of the city of Columbus at the time of the correspondence. In view of that fact, set out in the declaration and also in the opinion of this court, the three first letters of the correspondence were held to constitute a contract of retainer between the parties. Now, the case is entirely changed. It appears, not only that Brown & Lowndes were not bondholders, but they were not in privity with any persons who were bondholders of the city of Columbus at the time the letters were written. These changes were introduced by the amendments made to the declaration by the plaintiffs themselves, and were established by evidence. It is readily observable how the amendments make this case different from the cause as originally presented. Brown & Lowndes, as bondholders, under the circumstances, would have been obliged to reply to the third letter of the series, which was written by the plaintiffs. It now appears, however, that their interests were purely voluntary, and without consideration. The bondholders would not have been bound, and the plaintiffs could not have recovered on the contract, for there was no contract. They might have sued in damages, in tort, and recovered quite as much as they could have recovered under the contract if it had been made. But this suit must have been brought at the domicile of the defendants, and could not, under the laws of Mississippi, have been brought by attachment or garnishment in that state, for a contract by parties authorized to contract is essential to such a proceeding. It does not appear that Brown & Lowndes were the agents, in any manner, of the bondholders, and only had that interest with relation to the bonds which resulted from the fact that they had sold them in open market. They were, moreover, in no sense indorsers of the bonds, and had no occasion to incur contractual liability with regard to them.

In this view of the case, we are of the opinion that the judgment directing a verdict for defendant was correct, and it is therefore affirmed.